456 So.2d 888 (1984)
Aubrey Dennis ADAMS, Jr., Appellant,
v.
STATE of Florida, Appellee. and
Aubrey Dennis ADAMS, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
Nos. 65845, 65853.
Supreme Court of Florida.
September 11, 1984.
*889 Kenneth R. Hart and Timothy B. Elliott of Ausley, McMullen, McGehee, Carothers & Proctor and Philip J. Padovano, Tallahassee, for appellant/petitioner.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee/respondent.
*890 ADKINS, Justice.
This case is before us on appeal from the trial court's denial of appellant's motion to vacate his conviction and sentence pursuant to Florida Rule of Criminal Procedure 3.850. We also have before us a motion for stay of execution and a petition for habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.
This case has previously been before us on direct appeal from appellant's conviction of first-degree murder and sentence of death. At that time, we affirmed appellant's conviction and sentence. Adams v. State, 412 So.2d 850 (Fla. 1982). A writ of certiorari to the United States Supreme Court was denied. Adams v. Florida, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982).
The facts of this case are set forth in this Court's opinion on direct appeal and will not be repeated here.
Adams raises two points in his post-conviction petition. In the first of these, he claims that he received ineffective assistance of trial counsel when trial counsel failed to object to: 1) a general verdict of guilty which was based either upon a finding of premeditated murder or an alternative theory under the felony murder rule; 2) jury instructions which allowed the jury to consider all the aggravating circumstances listed in the death penalty statute even though there was no evidence to support some of these; 3) jury instructions which allowed the jury to consider all lesser degrees of homicide even though there was no evidentiary basis for them; 4) jury instructions that required the death penalty recommendation to be agreed upon by seven or more jurors, even though six is sufficient to recommend life; and 5) jury instructions that failed to clearly define and explain the nature and function of mitigating circumstances and failed to inform the jury they could recommend life even though they found aggravating circumstances. These are all matters which could have been raised on direct appeal and which, as the trial judge correctly held, were not properly entertained in a 3.850 motion. McCrae v. State, 437 So.2d 1388 (Fla. 1983).
The failure of trial counsel to interpose objections to these matters during trial was not such a serious omission or such a deficient performance as to deprive defendant of a "fair trial, a trial whose result is reliable." Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
Adams' second point in his post-conviction petition is likewise without merit. He argues that the trial court erred in refusing an evidentiary hearing concerning his competency to stand trial or to participate in the sentencing phase of his trial and concerning the competency of his trial counsel.
Regarding his competency to stand trial, Adams now argues that an expert will testify that he now suffers from a mental disorder known as catathymic amnesia, which renders him incapable of recalling traumatic experiences, and this mental disorder in turn rendered him incompetent to stand trial. Once again, his competency to stand trial is a matter which either was or should have been determined on direct appeal. McCrae. In his direct appeal we noted that there was no testimony that Adams had suffered from mental illness in the past. 412 So.2d at 857. In any event, the testimony that is being offered is a diagnosis of Adams' present condition and is not evidence that he suffered from this disorder at the time of trial.
Finally, none of the grounds asserted by Adams as deficiencies of his trial counsel warranted an evidentiary hearing either because they were not cognizable in post-conviction proceedings or were adequately set forth in his motion for post-conviction relief so that no evidentiary hearing was necessary.
In his habeas petition, Adams argues that he received ineffective assistance of counsel at the appellate level.
The standards to be applied in determining whether a defendant was denied his sixth amendment right to effective assistance *891 of counsel were set forth by the United States Supreme Court in Strickland. The standards enunciated in that case do not "differ significantly" with those espoused by this Court in Knight v. State, 394 So.2d 997 (Fla. 1981); Jackson v. State, 452 So.2d 533, 535 (Fla. 1984). See also Downs v. State, 453 So.2d 1102 (Fla. 1984). Strickland held that a defendant's claim for ineffective assistance of counsel has two components:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
104 S.Ct. at 2064.
To prove prejudice, the Court further stated that "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. 104 S.Ct. at 2068.
In applying the principles of Strickland to the case at bar, we find that Adam's claim of ineffective assistance of counsel on appeal, as well as at trial, must fail. The conduct and performance of Adam's appellate counsel was not substantially deficient under the circumstances. The record reflects that counsel properly prepared the case and that his strategy and decisions during the course of his representation of Adams conformed to the standards required of professionally competent counsel. Even if this Court had found counsel's performance to be deficient, we would also have concluded that his performance did not prejudice Adams.
Accordingly, we affirm the order of the trial court denying Adam's motion for post-conviction relief. The motion for stay of execution is denied. Adam's petition for writ of habeas corpus is also denied.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
I recognize that the issue was considered in the original appeal, but I adhere to the position that in view of the mitigating circumstances in this case, and the highly questionable aggravating factor that Adams killed the eight-year-old to avoid arrest, the death penalty is improper and disproportionate for Adams. Perhaps it is because of this conclusion that I search the record to justify a stay of an event that should not transpire. In any event, I believe that there were adequate grounds alleged in the 3.850 motion to require an evidentiary hearing on some of the claims.[*] *892 Accordingly, I would grant a stay and remand to the trial court for further proceedings.
NOTES
[*] Adams submits that his trial attorney:

....
(9) Remained mute while the prosecution argued that the jury consider a statutory aggravating circumstance for which there was insufficient evidentiary support. The aggravating circumstance argued was that the murder was committed for the purpose of avoiding or preventing a lawful arrest. There was absolutely no evidence to support this. Counsel thereby permitted the jury to be influenced by and to consider aggravating circumstances which were not supported by evidence and thereby violating Defendant's rights to due process. See e.g., Gregg v. Georgia, 428 U.S. 153, 198, 96 S.Ct. 2909, 2936, 49 L.Ed.2d 859 (1976).
(10) Failed to present expert testimony as to the degree to which Defendant could control his actions or conform them to the requirements of the law.
(11) Failed to adequately investigate the issue of Defendant's competency to stand trial and assist in the preparation of his defense and the issue of Defendant's sanity at the time of the alleged offense.
(12) Limited the pre-trial psychiatrist examination and evaluation of the Defendant to one psychiatrist. This hampered his ability to recognize that the Defendant may have been incompetent to stand trial as well as to identify other potential mitigating factors such as the ability to control his actions or to confirm them to the requirements of the law... .