476 So.2d 654 (1985)
Ernest Charles DOWNS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent.
No. 66116.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied November 4, 1985.
Maurice N. Nessen of Kramer, Levin, Nessen, Kamin & Frankel, New York City, for petitioner.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for respondent.
ALDERMAN, Justice.
Alleging that he was denied effective assistance of appellate counsel and that the appellate review was based on an improper record, Ernest Charles Downs petitions for writ of habeas corpus. We find no merit to his contentions and deny his petition for writ of habeas corpus.
Ernest Downs was convicted of the first-degree murder of Forrest Harris, Jr., and of conspiracy to commit first-degree murder and was sentenced to death after a jury recommendation that the death penalty be imposed. Downs appealed and argued fifteen *655 points on appeal. This Court affirmed his conviction and death sentence. Downs v. State, 386 So.2d 788 (Fla.), cert. denied, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 238 (1980). On June 21, 1982, Downs filed a motion to vacate, set aside, or correct convictions and sentences and to order a new trial. He alleged that he did not receive effective assistance of trial counsel, that his attorney's contingent fee contract with him created a conflict of interest, that his statements to the authorities were not voluntary and should have been excluded from evidence, that certain jurors were improperly excluded, and that the manner and fact of the state's giving co-conspirator Johnson immunity rendered Johnson's testimony unreliable. In this motion, he challenged his sentence of death on the basis of disproportionality; ineffective assistance of counsel; restriction of mitigating factors; instruction on heinous, atrocious, or cruel; unconstitutionality; Brady[*] violation; and the Supreme Court's review of psychiatric reports. In a supplemental motion to vacate, Downs contended that there were further Brady violations by the state relating to certain tapes, the existence of the cell-mate as a potential defense witness, and the state attorney's written questions to Johnson and his written responses. After evidentiary hearings held in October 1982 and January 1983, the trial court denied Downs' 3.850 motions and in its order dealt with each of the points raised by Downs. Specifically, the court found that the record and evidence reflected that trial counsel did conduct a reasonable pretrial investigation and that his challenged decisions were strategic trial matters. Other grounds were found by the trial court to be inappropriate grounds for post-conviction relief. We affirmed. Downs v. State, 453 So.2d 1102 (Fla. 1984).
Downs now comes to this Court seeking what he terms to be a "conditional writ," asking that he be given an opportunity to brief and argue his appeal anew. Contending that the criteria for determining prejudice established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), does not apply in the present case, Downs argues that a different standard is to be applied in deciding claims of ineffective assistance of appellate counsel than is applied in deciding claims of ineffective assistance of trial counsel. The burden upon him at this time, he contends, is only to show that there is some substance to his claim. In support of his position, he relies upon Evitts v. Lucey, ___ U.S. ___, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). We disagree that Evitts establishes a different standard for judging claims of ineffective assistance of appellate counsel.
In Downs v. State, 453 So.2d 1102 (Fla. 1984), wherein we affirmed the trial court's denial of Downs' 3.850 motion, we explained in detail the test for ineffectiveness of counsel announced by the Supreme Court of the United States in Strickland. Therein, we stated:
The benchmark for judging claims of ineffectiveness, the Supreme Court held, is whether the conduct of counsel "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 2064. In order for a defendant to succeed on a claim of ineffectiveness of counsel so as to obtain a reversal of a conviction or death sentence, the Supreme Court held that he must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. The measure of an attorney's performance, the Court stated, is reasonableness under prevailing professional norms, reasonableness considering all the circumstances.
Id. at 1106-07. Relative to the requirement that prejudice be demonstrated, we stated:
Furthermore, the Supreme Court held, even if defendant can demonstrate that counsel's performance was deficient under these guidelines, this will not warrant setting aside the judgment of a *656 criminal proceeding if counsel's errors had no effect on the judgment. In order to constitute ineffective assistance under the constitution, counsel's deficiencies in performance must be prejudicial to the defendant. Defendant must affirmatively prove prejudice. The Supreme Court explained:
Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice. Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.

It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.
... .
The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
... .
... When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.
Id. at 1108 (emphasis added).
Since Strickland, we have consistently applied this test to claims of ineffectiveness of trial and appellate counsel. In Adams v. State, 456 So.2d 888 (Fla. 1984), in rejecting Adams' claim raised in a petition for writ of habeas corpus that he was denied effective assistance of appellate counsel, we recited the two-component test of Strickland that the defendant must show that counsel's performance was deficient and must show that the deficient performance prejudiced the defendant, and we said:
To prove prejudice, the Court further stated that "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. 104 S.Ct. at 2068.
In applying the principles of Strickland to the case at bar, we find that Adams' claim of ineffective assistance on appeal, as well as at trial, must fail. The conduct and performance of Adams' appellant counsel was not substantially deficient under the circumstances. The record reflects that counsel properly prepared the case and that his strategy and decisions during the course of his representation of Adams conformed to the standards required of professionally competent counsel. Even if this Court had found counsel's performance to be deficient, we would also have concluded that his performance did not prejudice Adams.
Id. at 891. Francois v. Wainwright, ___ U.S. ___, 105 S.Ct. 2668, 86 L.Ed.2d 284 (1985); Middleton v. State, 465 So.2d 1218 (Fla. 1985); Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985); Smith v. State, 457 So.2d 1380 (Fla. 1984).
The Supreme Court of the United States in Evitts v. Lucey addressed the issue of whether the appellate level right to counsel also comprehends the right to effective assistance of counsel. In holding that the fourteenth amendment's due process clause guarantees a state criminal defendant the right to effective assistance of counsel on his first appeal as of right, the Supreme Court did not establish a different standard for judging claims of ineffective assistance of appellate counsel than is used in judging claims of ineffective assistance of trial *657 counsel. In fact, before analyzing the merits of Lucey's claim that dismissal of his appeal violated the due process clause of the fourteenth amendment, it emphasized that there were specific limits on the scope of the question presented. Because there was no challenge to the district court's finding that Lucey received ineffective assistance of counsel on appeal, the Court expressly stated that there was no need to discuss the standard for judging claims of ineffective assistance of appellate counsel.
We turn now to Downs' specific claims of ineffective assistance of appellate counsel. He contends, among other things, that his counsel was as substandard on appeal as he was at trial, that his counsel argued frivolous points on appeal while ignoring substantial ones and ineffectively presenting other important points, and that his counsel failed to live up to promises made to Downs relating to preparation of a supplemental brief on the issue of the "Harris" tapes.
The state responds that Downs has failed to allege facts that would establish that his counsel's actions constituted a serious deficiency in his performance as an appellate advocate and has failed to establish prejudice. It argues that the issue of the Harris tapes is frivolous as a matter of law and that this Court's prior rulings make this clear. Moreover, the state points out that this issue was not prejudicial because it has since been determined in the 3.850 proceeding that there is no Brady violation, because defense counsel was aware of the evidence, and because the information contained therein was not material. In Downs II, it points out, this Court found the so-called Brady violation to be meritless. The state maintains that appellate counsel is not ineffective for failing to raise every conceivable claim  even colorable ones  and explains that the several issues which Downs alludes to were in fact not proper appellate issues since they were not objected to at trial.
We agree with the state. Several of the omissions alleged by Downs involve matters which appellate counsel was precluded from raising on appeal. We have repeatedly held that appellate counsel cannot be considered ineffective for failing to raise issues which he was procedurally barred from raising because they were not properly raised at trial. Ruffin v. Wainwright, 461 So.2d 109 (Fla. 1984); Jackson v. State, 452 So.2d 533 (Fla. 1984).
We hold that Downs has failed to allege specific acts or omissions of appellate counsel's which constituted a serious deficiency in his performance. Even if we had found such deficiency, Downs has failed to establish the required prejudice.
We find no merit to Downs' other claims.
Accordingly, the petition for writ of habeas corpus is denied.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).