484 So.2d 1216 (1986)
Aubrey Dennis ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 68392.
Supreme Court of Florida.
March 3, 1986.
Mark E. Olive, Litigation Director, Michael A. Mello and David A. Reiser, Asst. Capital Collateral Representatives, Office of the Capital Collateral Representative, Tallahassee, for appellant.
*1217 Jim Smith, Atty. Gen. and Margene A. Roper and Richard B. Martell, Asst. Attys. Gen., Daytona Beach, for appellee.
ADKINS, Justice.
Aubrey Dennis Adams, scheduled for execution on March 4, 1986, appeals the trial court's denial without an evidentiary hearing of his second 3.850 motion to vacate the judgment and sentence and his application for stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We find that appellant has raised no substantial grounds in support of relief, and further that this second 3.850 motion constitutes an abuse of the process. We therefore affirm the trial court's denial of relief.
In support of his motion, appellant raises a number of claims which have been considered and re-considered by several courts on several levels. His central allegations focus on incompetency at trial, and a related ineffectiveness of counsel in failing to obtain better psychiatric expert assistance.
We find these claims improperly raised at this point. Appellant's claim of incompetency at trial has been considered and rejected by this Court both upon direct appeal, Adams v. State, 412 So.2d 850 (Fla. 1982), and in his first motion for post-conviction relief, Adams v. State, 456 So.2d 888 (Fla. 1984). We similarly exhaustively examined the claim of ineffective assistance of counsel, and found no basis for the claim, in deciding appellant's first 3.850 motion.
Adams raises some six other claims which either were or could have been considered on direct appeal, and which are therefore not now properly subject to review. Foster v. State, 400 So.2d 1 (Fla. 1981); Christopher v. State, 416 So.2d 450 (Fla. 1982).
Further, we find the presentation of these claims an abuse of the post-conviction relief procedure. Appellant seeks to utilize those provisions meant to safeguard due process as a means of thwarting the administration of justice in his case. However, Florida Rule of Criminal Procedure 3.850 by its own terms prohibits the courts from engaging in an endless and repetitive review of issues which have been previously decided and reviewed. The rule provides in relevant part that:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Rule 3.850, Fla.R.Cr.P.
We find that appellant's instant claim represents precisely the type of procedural abuse which the rule expressly prohibits. The claims of incompetency and ineffective assistance of counsel, the bulk of appellant's present argument, have been considered and ruled upon in the previous motion for post-conviction relief. As we held in McCrae v. State, 437 So.2d 1388, 1390 (Fla. 1983), "[A] motion may ... be summarily denied when it is based on grounds that have been raised in prior post-conviction motions under the Rule and have been decided adversely to the movant on their merits." See also Songer v. State, 463 So.2d 229 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 2713, 86 L.Ed.2d 727 (1985); Smith v. State, 453 So.2d 388 (Fla. 1984). Both Florida's rules and its caselaw, therefore, prohibit yet another review of these issues.
Consideration of the remaining claims raised by appellant in this successive motion is similarly prohibited by Rule 3.850 and the caselaw. Having carefully reviewed these claims, some already heard and others newly raised, we find that each one either was or should have been raised on direct appeal. We therefore find that the review sought by appellant is barred both by Rule 3.850 as "an abuse of the procedure governed by these rules," and by the caselaw which has firmly established the necessity of raising all available issues upon direct appeal. See, e.g., Foster and Christopher.
*1218 We find proper the trial court's denial of appellant's successive motion for post-conviction relief and its denial of a stay of execution. No motion for rehearing will be allowed.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
This appeal emanates from a decision of the trial court rendered at approximately 2:00 p.m. today. Although my brothers on the court are familiar with this case from its previous appearances before this court, I cannot in good conscience vote to deny a stay without adequate time to review the matter.
The Motion For Stay Of Execution Pending Filing Of Petition For A Writ Of Certiorari is hereby denied.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BARKETT, Justice, dissenting:
I would grant the motion for the reasons stated in my dissenting opinion in this case filed today.