MAY 3, 1989

No. 88–7140 (A–875). ADAMS v. DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS. C. A. 11th Cir. Application for stay of execution of sentence of death, presented to JUSTICE KENNEDY, and by him referred to the Court, denied. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

I

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth

and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant the motion for a stay of execution and the petition for a writ of certiorari and vacate the death sentence in this case.

## II

Even if I did not take this view, I would grant the petition to consider whether the sentencing procedure in this case violated the Eighth Amendment requirement that a convicted defendant have the opportunity to present any relevant mitigating evidence—not just statutory mitigating factors—at the sentencing hearing. *Hitchcock* v. *Dugger*, 481 U. S. 393 (1987). The Florida Supreme Court declined to find petitioner's *Hitchcock* claim procedurally barred and addressed this claim on the merits. *Adams* v. *State*, 543 So. 2d 1244, 1247 (1989). Likewise, the District Court addressed the merits, determining that petitioner's "is not a proper *Hitchcock* issue." No. 89–67–Civ–Oc–16, p. 5 (MD Fla., May 3, 1989). Moreover, since *Hitchcock* was not decided until after petitioner had filed his second federal habeas petition, I detect no abuse of the writ in petitioner raising this claim now for the first time.

At the time petitioner was sentenced, Florida's "standard jury instructions included a charge which had the effect of limiting the jury's consideration to the statutory aggravating and mitigating circumstances," 543 So. 2d, at 1247, reflecting what may have been the general belief in the State, based upon decisions such as *Cooper* v. *State*, 336 So. 2d 1133 (Fla. 1976), that mitigating factors not specifically itemized in the statute, Fla. Stat. § 921.141 (1975), were not to be taken into account in sentencing. Reasonably believing that state law prohibited a jury or court from considering nonstatutory factors at sentencing, a Florida lawyer might rationally have declined to divert resources from other aspects of case development into the investigation, development, and presentation of evidence of such factors. Indeed, two of petitioner's counsel have filed affidavits to the effect that, operating on the basis of what they understood to be the law at the time, they did not pursue nonstatutory mitigating evidence because they did not believe it would be admissible. I would grant certiorari in this case to consider whether state-generated disincentives to the pursuit and presentation of mitigating evidence infected petitioner's sentencing with constitutional error.

The trial judge in this case initially denied petitioner's request for a sentencing instruction to the jury that they might consider nonstatutory mitigating factors. After the prosecutor's closing argument at sentencing, however, the trial judge announced that he had changed his mind, and that because the prosecutor's closing had listed statutory mitigating circumstances as the only mitigating factors the jury could consider, he would give the requested instruction that "'[t]he aggravating circumstances which you may consider are limited to those upon which I've just instructed you. However, there is no such limitation upon the mitigating factors you may consider.'" See 543 So. 2d, at 1247. This change of mind appears to have come too late to allow petitioner's counsel to develop the mitigating evidence that the court's prior ruling, and existing Florida law, had reasonably led them to believe would be inadmissible. A belated instruction to consider mitigating evidence cannot cure a defect the effect of which has been to ensure that there is little or no nonstatutory mitigating evidence for the jury or court to consider.