PER CURIAM.
Petitioner has filed a petition for writ of habeas corpus alleging ineffective assistance of counsel.
Petitioner took a direct appeal and through counsel argued three points:
1. That he had been forced to choose between his right to a speedy trial and his right to call witnesses.
2. That his sentence was in excess of the recommended sentence and that he should have been sentenced as a youthful offender.
3. That the restitution order was improper in that the court failed to enquire into his ability to pay.
Petitioner, unhappy that his appellate counsel raised only these three grounds, moved this court to allow him to file a pro se brief. Petitioner’s motion was granted and he filed a brief arguing three points:
1. That the trial court had failed to properly instruct the jury in that the jury was not instructed on lesser included offenses to the one charged.
2. That the trial court departed from the guidelines by failing to sentence him as a youthful offender and by failing to state on the record the reasons for departure from the guidelines.
3. That the trial court failed to give him notice of intent to impose a departure sentence and failed to set forth written reasons for the departure sentence.
This court held that: “Save and except a proof as to ability to pay restitution, we affirm.” Barclay v. State, 629 So.2d 1065 *585 (Fla. 3d DCA) review denied 639 So.2d 975 (Fla.1994). On motion for rehearing before this court Petitioner’s counsel argued: “Most respectfully, we submit that the panel may have over looked or failed to consider the issues, arguments and citations raised in [petitioner’s pro se] brief. Accordingly, we adopt and incorporate by reference as though set forth in its entirety herein, the pro se supplemental brief which sets out meritorious grounds for reversal.” This court denied Petitioner’s motion for rehearing, and Petitioner sought discretionary review in the Supreme Court. The Supreme Court denied review and this petition followed.
By this petition, petitioner argues that his appellant counsel was ineffective in- that she failed to argue on direct appeal:
1. That the trial court improperly charged the jury in that it failed to instruct the jury on the lesser included offenses to the one charged.
2. That the trial court departed from the guidelines and faded to sentence him as a youthful offender.
3. That the trial court failed to advise him of its intention to impose a departure sentence and failed to make contemporaneous written reasons for the departure sentence.
Habeas Corpus relief is proper where the petitioner is challenging the effectiveness of appellate counsel. See Breedlove v. Singletary, 595 So.2d 8 (Fla.1992); State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990); Downs v. Wainwright, 476 So.2d 654 (Fla.1985).
Habeas Corpus may not be used to relitigate issues which were actually raised on appeal. See Kelley v. Dugger, 597 So.2d 262 (Fla.1992); Breedlove v. Singletary, 595 So.2d 8 (Fla.1992).
When reviewing a petition for Writ of Habeas Corpus alleging ineffective assistance of appellate counsel the standards applied are the same as those applied in ineffective assistance of trial counsel. See Downs v. Wainwright, 476 So.2d 654 (Fla.1985).
The test for determining ineffective assistance of counsel is whether the conduct of counsel so undermined the process that the appeal could not have produced a just result. In order for petitioner to succeed on his claim of ineffective assistance of counsel he must show both that his counsel’s performance was deficient and that petitioner was prejudiced by that deficient performance. The standard by which an attorney’s performance is measured is that of reasonableness under the prevailing professional norms, reasonableness under the totality of the circumstances. See Downs v. Wainwright, 476 So.2d 654 (Fla.1985); Downs v. State, 453 So.2d 1102 (Fla.1984);. Adams v. State, 456 So.2d 888 (Fla.1984).
Deficient performance is only the first part of the inquiry, even where petitioner can point to a deficiency in counsel’s performance that deficiency will not warrant granting a Writ of Habeas Corpus if counsel’s errors had no effect on the outcome of his case. Counsel’s deficiencies in performance must be prejudicial to petitioner and petitioner must affirmatively demonstrate that prejudice. It is not enough that petitioner show that counsel’s errors conceivably had some effect on the outcome of the proceeding, petitioner must show that, but for counsel’s errors, a different result would have been reached. See Downs v. Wainwright, 476 So.2d 654 (Fla.1985); Dozens v. State, 453 So.2d 1102 (Fla.1984); Adams v. State, 456 So.2d 888 (Fla.1984).
In the instant action petitioner is procedurally bared in that he has already raised and argued the issues, alleged by this petition, in his pro se brief on direct appeal. Petitioner may not use this petition to seek a second appeal. See Kelley; Breedlove.
Assuming, which we do not, that this court over looked petitioner’s pro se brief on direct appeal petitioner’s claim would still fail. Petitioner fails to affirmatively set forth those acts by appellate counsel which were so erroneous that they were prejudicial to his appeal and that but for appellate counsel’s unreasonable, deficient and prejudicial performance the result on appeal would have been different. See Downs; Downs; Adams.
*586 For the foregoing reasons this petition for writ of habeas corpus is denied.
Denied.