PER CURIAM.
We entirely agree with the order now on appeal:
This matter having come before the Court on the Defendant’s Petition to Invoke All Writs Jurisdiction, initially filed in the Florida Supreme Court, which was ordered by the Supreme Court to be transferred to this Court as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 or 3.800 and the Court having considered the defendant’s motion and the Response of the State, the Court finds as follows:
1. The defendant was convicted of Burglary of a Dwelling with a Battery, and Strong-Arm Robbery on March 18, 1992, as evidenced by the attached Judgment.
2. The Mandate of the Third District Court of Appeal affirming the conviction was returned to this Court on February 8, 1993, as evidenced by the attached Mandate.
3. The Supreme Court’s opinion in State v. Hamilton, 660 So.2d 1038 (Fla.1995) was rendered on September 14, 1995, as evidenced by the attached case.
4. The defendant’s Petition to Invoke All Writs Jurisdiction was filed in the Florida Supreme Court four (4) years later, on April 12, 1999, as evidenced by the attached Petition.
5. The defendant’s Petition was transferred to this Court on June 24, 1999, to be considered as a Motion under Florida Rule of Criminal Procedure 3.850 and 3.800 as evidenced by the attached Order of the Florida Supreme Court.
6. The challenge made by the defendant’s motion is not to an illegal sentence, but rather is a claim that the underlying conviction should be vacated due to insufficient evidence according to a subsequent change of law as it relates to the scope of the burglary statute announced in the Hamilton case, and is, therefore, considered by this Court as a motion filed under Florida Rule of Criminal Procedure 3.850, not Rule 3.800. State v. Mancino, 705 So.2d 1379 (Fla.1998).
7. The motion is not timely because it is filed over two (2) years after the alleged favorable change of law under *985 the Hamilton case decided in 1995, and it is therefore denied. Adams v. State, 543 So.2d 1244 (Fla.1989).
8. Furthermore, the alleged favorable change of law does not have retroactive application in this post-conviction collateral proceeding. The test of retro-activity depends on whether the alleged favorable change of law is a major constitutional change or, by contrast, is an evolutionary refinement in criminal law. Witt v. State, 387 So.2d 922 (Fla.1980). An example of a major constitutional change of law is the change affecting the right to counsel at trial implementing the Sixth Amendment which was announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In contrast, the alleged law change in the case at bar more narrowly defines and refines preceding interpretations of the Burglary statute and is not a constitutional law change. The best evidence to test whether the law change in Hamilton was an evolutionary refinement is that the Court recited and evaluated various lower court precedents which had dealt with whether curtilage included driveways and pathways leading into a home. The results varied from case to case, and the Hamilton Court went on to announce a strict test for an enclosure to define curtilage. Clearly, this law change was an evolutionary refinement of statutory construction, not a major constitutional law change. As such it is not cognizable where the conviction is final. Similarly, in State v. Woodley, 695 So.2d 297 (Fla. 1997), the Supreme Court held that the Court’s prior decision in State v. Gray, 654 So.2d 552 (Fla.1995), which had held that there was no crime of attempted felony murder, was not to be applied retroactively to cases which were final at the time Gray was rendered. Thus, the change of law cited by the defendant in State v. Hamilton, 660 So.2d 1038 (Fla. 1995), regarding the sufficiency of evidence to support the offense of burglary to the curtilage is not cognizable in a post-conviction proceeding. Therefore, the defendant’s motion is denied.
Affirmed.